IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HARRY KEITH MILLER                                                                                    PLAINTIFF

v.                                        Case No. 1:19-cv-1027

JOSHUA MERRIT, Corrections Officer ADC
Malvern Unit; TRENT FONTE, Corrections
Officer, ADC, Malvern Unit; BRANDON
KING, Corrections Officers, ADC, Malvern
Unit; and DEBRAH FAUST, Warden ADC Malvern Unit                                        DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Harry Keith Miller's failure to obey two orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 13, 2019 in the Eastern District of Arkansas. (ECF No. 2). His application to proceed *in forma pauperis* was granted on May 21, 2019. (ECF No. 3). On May 31, 2019, Plaintiff filed an Amended Complaint. (ECF No. 6). The case was transferred to the United States District Court for the Western District of Arkansas, El Dorado Division, on June 12, 2019. (ECF No. 9). On July 9, 2019, Plaintiff filed another Amended Complaint. (ECF No. 14). Then, on July 22, 2019, Plaintiff filed a Second Amended Complaint. (ECF No. 16).

On October 17, 2019, Plaintiff filed a notice of change of address. (ECF No. 29). The address he provided indicated he was no longer incarcerated. Consequently, in accordance with the Court's policy, on October 31, 2019, the Court entered an order directing Plaintiff to resubmit an affidavit to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. The order also stated if Plaintiff wished to proceed with this lawsuit, he is directed to pay the $350 filing fee and $50 administrative fee or resubmit an *in forma pauperis*

("IFP") application which reflects his free-world financial status, no later than November 20, 2019. (ECF No. 34). The order informed Plaintiff that failure to do so would result in dismissal of this lawsuit. To date, Plaintiff has not complied with the Court's order to submit an updated IFP application or pay the filing fee and the order has not been returned to the Court as undeliverable.

On November 25, 2019, the Court entered an order directing Plaintiff to show cause as to why he failed to comply with the Court's order directing him to file an updated IFP or pay the filing fee. (ECF No. 35). This order informed Plaintiff that failure to comply would result in this case being dismissed. To date, Plaintiff has not responded to the show cause order and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Second Amended Complaint (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge